J. S47035/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL BROWN, | : | No. 690 EDA 2017 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence, January 20, 2017,
in the Court of Common Pleas of Delaware County
Criminal Division at No. CP-23-CR-0004152-2016

BEFORE:  LAZARUS, J., MOULTON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:          **FILED OCTOBER 20, 2017**

Michael Brown appeals from the January 20, 2017 judgment of sentence entered in the Court of Common Pleas of Delaware County after his conviction in a waiver trial of transfer of firearms -- materially false written statement and unsworn falsification to authorities.[1]  The trial court imposed a sentence of 13 to 26 months of imprisonment followed by 2 years of state-supervised probation.  Assistant Public Defender Patrick J. Connors has filed a petition to withdraw, alleging that the appeal is frivolous, accompanied by an **Anders**[2] brief.  After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

---

[1] 18 Pa.C.S.A. §§ 6111(g)(4)(ii) and 4904(a)(1), respectively.

[2] **See Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).

The trial court set forth the following relevant findings of fact:

[O]n May 6, 2004, [appellant] was convicted in Philadelphia of Possession with Intent to Deliver, an ungraded felony, and Carrying a Firearm in a Public Street. Possession with Intent to Deliver is punishable by more than one year in prison.

On February 2, 2015, [appellant] attempted to purchase a firearm, via the internet, from Double Action located on Industrial Drive in the Borough of Yeadon, Delaware County, Pennsylvania 19050.

In order to purchase the firearm, [appellant] completed Pennsylvania State Police form SP-4-113, Application/Record of Sale.

As to question[s] 31 and 32, pertaining to prior convictions, [appellant] checked "No."

Both questions direct the applicant to "read information on back prior to answering."

[Appellant] also completed the federal ATF form 4473: Firearms Transaction Record -- Part I.

Questions 11b and 11c of this form pertain to felony convictions which could result in imprisonment for more than one year. It also states "see instructions for question 11b and 11c."

[Appellant] checked "No" to questions 11b and 11c.

After the required criminal background check, as [appellant] was convicted of one of the enumerated offenses that prohibit ownership of a firearm, his application and attempt to purchase were denied.

[Appellant] then filed a Pennsylvania Instant Check Challenge where he indicated that he has never been arrested in Pennsylvania or convicted.

> [Appellant], after being advised of his constitutional rights, knowingly, intelligently and voluntarily elected to testify.
>
> [Appellant] testified that he pled guilty to the above charges; that his lawyer never told him what the possible penalties could be or what the guidelines were; and did not remember his lawyer telling him he would be a felon.
>
> With regard to the instructions on both forms, [appellant] testified as follows: (1) he understood what the question said without reading the instructions; (2) he does not recall whether he read the instructions; or (3) he believes he did read the instructions.
>
> With regard to the challenge he filed, [appellant] contends that Philadelphia and Pennsylvania are two different places, which is why he answered "No" as to being arrested in Pennsylvania.

Trial court opinion, 3/20/16 1-2, ¶¶ 7-20 (paragraph numbering and exhibit references omitted).

The record reflects that appellant filed a timely notice of appeal. The trial court then ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). In lieu of filing a Rule 1925(b) statement, Attorney Connors filed a statement of intent to file an *Anders* brief pursuant to Pa.R.A.P. 1925(c)(4).

Appellant raises the following issue for our review: "Whether the sentence of 13 to 26 months [of] incarceration imposed on [appellant] is harsh and excessive under the circumstances?" (Appellant's brief at 1 (italics omitted).)

As Attorney Connors has filed an **Anders** brief and a petition to withdraw as counsel alleging that the appeal is frivolous in accordance with **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), we begin as follows:

> A request by appointed counsel to withdraw pursuant to **Anders** and **Santiago** gives rise to certain requirements and obligations, for both appointed counsel and this Court. **Commonwealth v. Flowers**, 113 A.3d 1246, 1247-1248 (Pa.Super. 2015).
>
>> These requirements and the significant protection they provide to an **Anders** appellant arise because a criminal defendant has a constitutional right to a direct appeal and to counsel on that appeal. **Commonwealth v. Woods**, 939 A.2d 896, 898 (Pa.Super. 2007). This Court has summarized these requirements as follows:
>>
>>> Direct appeal counsel seeking to withdraw under **Anders** must file a petition averring that, after a conscientious examination of the record, counsel finds the appeal to be wholly frivolous. Counsel must also file an **Anders** brief setting forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof.
>>>
>>> **Anders** counsel must also provide a copy of the **Anders** petition and brief to the appellant, advising the

> appellant of the right to retain new counsel, proceed ***pro se*** or raise additional points worthy of the Court's attention.

***Woods***, 939 A.2d at 898 (citations omitted).

There are also requirements as to the precise content of an ***Anders*** brief:

> The ***Anders*** brief that accompanies court-appointed counsel's petition to withdraw . . . must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Santiago***, 978 A.2d at 361.

***Id.*** at 1248. If this Court determines that appointed counsel has met these obligations, it is then our responsibility "to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Id.*** at 1248. In so doing, we review not only the issues identified by appointed counsel in the ***Anders*** brief, but examine all of the proceedings to "make

> certain that appointed counsel has not overlooked the existence of potentially non-frivolous issues."
> *Id.*

***Commonwealth v. Hankerson***, 118 A.3d 415, 419-420 (Pa.Super. 2015).

Our review of Attorney Connors' application to withdraw, supporting documentation, and ***Anders*** brief reveals that he has complied with all of the foregoing requirements. We note that counsel provided a copy of the brief to appellant and advised him of his right to retain new counsel, proceed ***pro se***, and/or raise any additional points that he deems worthy of this court's attention. In addition, Attorney Connors attached a copy of the letter sent to appellant to his petition as required under ***Commonwealth v. Millisock***, 873 A.2d 748, 751 (Pa.Super. 2005). ***See Commonwealth v. Daniels***, 999 A.2d 590, 594 (Pa.Super. 2010) ("While the Supreme Court in ***Santiago*** set forth the new requirements for an ***Anders*** brief, which are quoted above, the holding did not abrogate the notice requirements set forth in ***Millisock*** that remain binding legal precedent."). As Attorney Connors has complied with all of the requirements set forth above, we conclude that counsel has satisfied the procedural requirements of ***Anders***.

Once counsel has satisfied his obligations, "it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous." ***Santiago***, 978 A.2d at 355 n.5. Therefore, we now turn to the merits of appellant's appeal.

Appellant raises a challenge to the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. ***Commonwealth v. Sierra***, [752 A.2d 910, 912 (Pa.Super. 2000)]. An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> [W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. [720]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Moury***, 992 A.2d 162, 170 (Pa.Super. 2010) (citation omitted; brackets in original).

Here, appellant filed a timely notice of appeal, and appellant's brief contains a Pa.R.A.P. 2119(f) statement. The record, however, reflects that appellant did not properly preserve his discretionary sentencing challenge for appeal because he did not file a motion to reconsider and modify sentence and he did not raise the issue at his sentencing hearing. Nevertheless, under our ***Anders*** review, we will consider the merits of the issue. ***See Commonwealth v. Lilley***, 978 A.2d 995, 998 (Pa.Super. 2009), citing

*Commonwealth v. Hernandez*, 783 A.2d 784, 787 (Pa.Super. 2001)

(finding that *Anders* requires review of issues which otherwise would be

waived on appeal).

> [T]he proper standard of review when considering whether to affirm the sentencing court's determination is an abuse of discretion. . . . [A]n abuse of discretion is more than a mere error of judgment; thus, a sentencing court will not have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will. In more expansive terms, our Court recently offered: An abuse of discretion may not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous.
>
> The rationale behind such broad discretion and the concomitantly deferential standard of appellate review is that the sentencing court is in the best position to determine the proper penalty for a particular offense based upon an evaluation of the individual circumstances before it.

*Commonwealth v. Moury*, 992 A.2d 162, 169-170 (Pa.Super. 2010)

(citation omitted; brackets in original).

Here, appellant claims that the trial court imposed a harsh and

excessive sentence. The record reflects that appellant was convicted of

transfer of firearms, a third-degree felony punishable by up to 7 years of

imprisonment. *See* 18 Pa.C.S.A. § 1103(3). The trial court sentenced

appellant to 13 to 26 months of imprisonment on that count. The record

further reflects that appellant was also convicted of unsworn falsification to

authorities, a second-degree misdemeanor, punishable by up to 2 years of imprisonment. *See* 18 Pa.C.S.A. § 1104(3). The trial court sentenced appellant to 2 years of probation on that count. Accordingly, although appellant faced a maximum statutory period of incarceration of 9 years, the trial court imposed a substantially lower term of imprisonment.

The record further reflects that the trial court explained the reasons for the sentences that it imposed as follows:

> I looked at the Pre-Sentence Investigation Report [("PSI")], you don't help yourself in the [PSI]. And I have to consider that the nature of the crime, the impact on society, the [PSI], and the guidelines. Now the guidelines for a firearm when you do a materially false written statement, in the standard range are 15 to 21 months in a state correctional institution. The mitigated range is six months and the aggravated range is 30 months. For the unsworn falsification, the standard is restorative sanctions to three months in prison. Now based on the information I have, and I know [the Commonwealth] has asked for 20 months, I'm not going to give 20 months. I'm going to sentence you to 13 to 26 months in a state correctional institution. . . . And you're going to be followed on Count Two, unsworn falsifications for two years [of] probation.

Notes of testimony, 1/20/17 at 8.

In addition to being well below the statutory maximum, the record reflects that the term of incarceration imposed on appellant fell within the guidelines and was consistent with the broad purposes of our penal system. *See Lilley*, 978 A.2d 999, citing *Commonwealth v. Williams*, 652 A.2d 283, 285 n.1 (Pa. 1994) (noting "five broad purposes of the penal system:

protection of society, general deterrence . . . , individual deterrence, rehabilitation, and retribution"). Therefore, we find no abuse of discretion.

Finally, after a careful independent review of the record, we have not disclosed any potentially non-frivolous issues. Accordingly, we grant counsel's petition to withdraw, and we affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2017